UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv267-03-MU[1]
(3:10cr83-W)

| | |
|---|---|
| MARVIN LEE STARR,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondents. | **O R D E R** |

**THIS MATTER** comes before the Court on initial consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

**I.   PROCEDURAL BACKGROUND**

A review of the record reveals that on May 18, 2011, Petitioner was sentenced to 50 months imprisonment followed by three years of supervised release. (Crim. Case 3:10cr83, Doc. No. 21: Judgment). Petitioner filed the instant Motion to Vacate on June 2, 2011 alleging, among other things, that his counsel was ineffective for failing to file an appeal on his behalf. (Doc. No, 1). Four days after Petitioner filed the instant Motion to Vacate, Petitioner's counsel, Kevin Tate, filed a Notice of Appeal on June 6, 2011. (Id., Doc. No. 24: Notice of Appeal). Such appeal is pending in the United States Court of Appeals for the Fourth Circuit. (COA No. 11-4599). It is possible that the appeal could resolve issues raised in the § 2255 motion. Therefore, Petitioner's motion to vacate is premature. See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (noting that

---

[1] This case has been re-assigned to the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney is currently out of the district for an extended period. See 3:11mc67-W, Doc. No. 1.

1

"collateral claims should not be entertained while a direct appeal is pending" because direct review may render moot the issues also raised on collateral review); Walker v. Connor, 72 F. App'x 3 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending); and Rules Governing Section 2255 Proceedings, Rule 5 advisory committee note (stating the orderly administration of criminal law precludes considering a § 2255 motion while appeal is pending absent extraordinary circumstances).

**IT IS, THEREFORE**, **ORDERED** that:

1. The Clerk is directed to reassign this case to the Honorable Graham C. Mullen, Senior United States District Judge;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED**, without prejudice; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 14, 2011

**SO ORDERED**.

Graham C. Mullen
United States District Judge